IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MADDOX, a natural person;  )
KAREN ALEXANDROU, a natural        )
person; TIEN HONG VO, a natural    )
person; THONG VO, a natural person;)
NGAU THI NGUYEN, a natural person; )
and SONIA LUONG, a natural person, )
                                   )      2:06-cv-0072-GEB-EFB
            Plaintiffs,            )
                                   )
         v.                        )      ORDER
                                   )
COUNTY OF SACRAMENTO, a local      )
government agency; JAN SCULLY, a   )
natural person and the District    )
Attorney for Sacramento County;    )
CYNTHIA BESEMER, a natural person  )
and Chief Deputy District Attorney )
for Sacramento County; KAREN       )
MAXWELL, a natural person and      )
Deputy District Attorney for       )
Sacramento County; NATALIA LUNA,   )
a natural person and Deputy        )
District Attorney for Sacramento   )
County; WILLIAM MOTMANS, a natural )
person and an investigator         )
employed by the District Attorney  )
for Sacramento County; and JAMES   )
COOPER, a natural person and a     )
captain of the Sacramento County   )
Sheriff's Department,              )
                                   )
            Defendants.            )
_____)

1        On October 23, 2006, the parties filed a "Stipulation and

2   Order" ("Stipulation") in which they stipulate that all claims in the

3   Complaint asserted by plaintiffs Tien Hong Vo, Thong Vo, Ngau Thi

4   Nguyen, and Sonia Luong ("Homeowner Plaintiffs") be stayed and that

5   the claims made by "Richard Maddox and Karen Alexandrou be allowed to

6   proceed immediately but only against defendant County of Sacramento

7   and that an order permitting discovery issue forthwith . . . ."

8   (Stipulation at 2-3.)

9                            BACKGROUND

10       Plaintiffs filed their Complaint on January 11, 2006.  An

11  Order issued on January 12, 2006, scheduling a status (pretrial

12  scheduling) conference ("status conference") for April 17, 2006.  That

13  status conference was continued to June 19, 2006, because no timely

14  joint status report was filed.  The June 19 status conference was

15  subsequently continued to September 25, 2006, because the Joint Status

16  Report ("JSR") submitted in advance of the June 19 status conference

17  "did not reflect the participation of all named Defendants."  (Order

18  at 1-2, June 12, 2006.)  The September 25 status conference was

19  continued to December 18, 2006, because the JSR the parties filed on

20  September 8, 2006, ("September 8 JSR") "reveal[ed] this action [was]

21  not ready for scheduling."  (Order at 2, Sept. 20, 2006.)  The

22  September 8 JSR indicated that the parties needed more time to propose

23  how severance of two separate lawsuits identified in that status

24  report should be accomplished.  The parties explained the separate

25  lawsuits as follows:

26          [T]here are two separate law suits with separate
            claims alleged in Plaintiff's complaint.  The
27          Plaintiffs in this case include individuals who
            owned or operated group homes for low income
28          and/or disabled persons . . . .  These [Homeowner]
            Plaintiffs claim that their federal civil rights

have been violated by the conduct of Sacramento
County and its employees in the enforcement and
prosecution of building, housing, and nuisance
abatement codes.

At this time, [Homeowner] Plaintiffs are
Defendants in a criminal action in the Superior
Court for the County of Sacramento . . . for code
violations at the same property alleged in this
federal case.

Plaintiffs, Richard Maddox and Karen
Alexandrou, on the other hand, are employees of
Sacramento County . . . with knowledge of code
enforcement activities of Sacramento County as it
pertains to the [Homeowner] Plaintiffs. Maddox and
Alexandrou have alleged employement [sic]
discrimination and retaliation claims under state
law, and federal constitutional claims under 42
U.S.C. § 1983 alleging that they have been
discriminated and retaliated against as a result
of opposing alleged wrongful conduct of employees
of Sacramento County District Attorney's Office
and Sacramento County Sheriff's Department.

[The Homeowner Plaintiffs] and all Defendants
have agreed that . . . the employment
discrimination claims of Alexandrou and Maddox
[should] be severed from the claims of the
[Homeowner] Plaintiffs and tried separately. The
parties will file a written stipulation staying
the action and for severance.

(September 8 JSR at 4-5.)

## DISCUSSION

I. Severance

Although the parties stated in the September 8 JSR that they
"[would] file a written stipulation staying the action and for
severance[,]" the Stipulation appears to address bifurcation of the
lawsuits under Rule 42, rather than severance under Rule 21. "Use of
the term 'sever[ance]' suggests . . . separate actions under Rule 21
was intended," but here the parties appear to have used the term
"loosely . . . to refer to separation of issues for trial under Rule
42(b)." Hebel v. Ebersole, 543 F.2d 14, 17 (1976). Nevertheless, it
will be decided sua sponte whether Maddox and Alexandrou's claims

should be severed from the Homeowner Plaintiffs' claims under Rule 21, because the parties' Stipulation indicates Maddox and Alexandrou desire to proceed immediately with litigation of their claims to appealable judgment, whereas the Homeowner Plaintiffs seek to await the outcome of the criminal proceedings before they litigate their claims.  See United States v. Nat'l R.R. Passenger Corp., 2004 WL 1335723, at *6 (E.D. Pa. June 15, 2004) ("Rule 21 permits a court to sever claims sua sponte."); Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa. 2000) ("Rule [21] explicitly provides authority to sever parties sua sponte . . . .). "As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." Gaffney v. Riverboat Services of Indiana, 451 F.3d 424, 441 (7th Cir. 2006).

The Court has broad discretion in determining whether to order severance under Rule 21.  See Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994) (stating "[t]he trial court has broad discretion to sever issues"); Williams v. Felker, 2006 WL 495994, at *1 (E.D. Cal. March 1, 2006) (stating that under Rule 21, "courts have broad discretion regarding severance"); Grigsby v. Kane, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003) ("stating "the court has virtually unfettered discretion in determining whether or not severance is appropriate"); see also 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1689 (3d ed. 2001) ("Questions of severance are addressed to the broad discretion of the district court.").  Claims being severed must be "discrete and separate . . . ." Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1016 (7th Cir. 2000).  Further, "[f]airness is a critical consideration in

determining whether severance is appropriate[,]" and therefore it must be determined whether any party would suffer prejudice.  <u>Pena v. McArthur</u>, 889 F. Supp. 403, 407 (E.D. Cal. 1994).

Here, the parties "agree that there are two separate law suits with separate claims alleged in Plaintiff's [sic] complaint." (September 8 JSR at 4.)  The parties explained that one lawsuit belongs to the Homeowner Plaintiffs, who claim "their federal civil rights have been violated by the conduct of Sacramento County and its employees in the enforcement and prosecution of building, housing, and nuisance abatement codes"; the other lawsuit belongs to Maddox and Alexandrou, who "allege[] employement [sic] discrimination and retaliation claims . . . ."  (<u>Id.</u>)

The parties have acknowledged that allowing these two lawsuits to proceed independently will not cause any prejudice: "Because the actions pleaded by plaintiffs Maddox and Alexandrou . . . may proceed on their own merits regardless of the outcome of the criminal matter, the parties have agreed that proceeding with the prosecution of the claims of plaintiffs Maddox and Alexandrou would benefit everyone concerned and would avoid any prejudice that might be caused by further delay." (Stipulation ¶ 3.)  Further, the parties in the Maddox and Alexandrou lawsuit appear concerned that if they are not allowed to proceed independently with their claims they could suffer prejudice because "there has been no discovery order in this case and [they] have not proceeded with discovery."[1]  (<u>Id.</u> ¶ 2.)

---

[1]   This portion of the Stipulation indicates it is  incumbent upon the Court to issue "an order permitting discovery" before parties may commence discovery.  (Stipulation at 3.)  However, Rule 26(a)(1) permits parties to stipulate to a date for initial disclosures.  <u>See</u> Fed. R. Civ. P. 26(a)(1) ("[Initial] disclosures must be made at or
(continued...)

1    Since the parties agree that Maddox and Alexandrou's claims

2 are separate from the Homeowner Plaintiffs' claims, and that allowing

3 Maddox and Alexandrou to proceed separately from the Homeowner

4 Plaintiffs will not prejudice any party, all of Maddox and

5 Alexandrou's claims are severed from the Complaint.

6    Evaluation of Maddox and Alexandrou's severed claims reveals

7 they are all premised on state law, and thus do not present a federal

8 question. (Compl. ¶¶ 85-92, 117-121, 144-147.)  Although the Complaint

9 states "[t]his is an action arising under the Constitution, laws, or

10 treaties of the United States[,]" that statement concerns Homeowner

11 Plaintiffs' federal claims.  (Id. ¶ 15.)  The Homeowner Plaintiffs'

12 federal claims are premised on the Fair Housing Act ("FHA") and

13 section 1983, and purport to be class claims brought by "all

14 plaintiffs . . . ." (Compl. at 15, 19.)  However, Maddox and

15 Alexandrou have not alleged sufficient facts showing they have

16 standing to bring these claims.

17    Standing is raised sua sponte because "federal courts are

18 required sua sponte to examine jurisdictional issues such as

19 standing." B.C. v. Plumas Unified School Dist., 192 F.3d 1260, 1264

20 (9th Cir. 1999).  When a claim is purportedly a class claim, the

21 "named plaintiffs who represent a class 'must allege and show that

22 they personally have been injured, not that injury has been suffered

23 by other, unidentified members of the class to which they belong and

24 which they purport to represent.'"  Lewis v. Casey, 518 U.S. 343, 357

25

26

27

───────────

28 [1](...continued)
within 14 days after the Rule 26(f) conference unless a different time
is set by stipulation or court order . . . ." (emphasis added)).

(1996) (quoting <u>Simon v. E. Ky. Welfare Rights Org.</u>, 426 U.S. 26, 40
n.20 (1976)).

The FHA and section 1983 claims both allege that Defendants
unlawfully discriminated against Plaintiffs "because of a handicap of
a person residing in or intending to reside in a dwelling after it was
rented or otherwise made available to that person by the
plaintiffs . . . ."  (Compl. ¶¶ 58, 94.)  Neither Maddox nor
Alexandrou are included in the list of named Plaintiffs who operate "a
group home . . . for the benefit of disabled or low income
persons . . . ."  (Compl. ¶ 17.)  Since these Plaintiffs have not pled
that they are among the Plaintiffs who "rented or otherwise made
available" a dwelling to handicapped individuals, they have not
alleged that they suffered the injuries identified in these federal
claims.  Therefore, these Plaintiffs have only pled state claims,
which include employment discrimination under Cal. Gov. Code
§ 12940(i), defamation and negligence.  (Compl. ¶¶ 85-92, 117-121,
144-147.)

II.  <u>Dismissal under 28 U.S.C. § 1367(c)</u>

Before giving Maddox and Alexandrou's severed action its own
action number, the discretionary decision will be made whether
supplemental jurisdiction should continue being exercised over their
lawsuit.  This decision is made under 28 U.S.C. §§ 1367(c)(2) and (3),
and "is informed by the [<u>United Mine Workers v. Gibbs</u>, 383 U.S.
715,(1966)] values of economy, convenience, fairness, and comity."
<u>Acri v. Varian Associates, Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997)
(en banc) (quotation marks omitted). "In the usual case in which all
federal-law claims are eliminated . . . , the balance of factors to be
considered . . . will point toward declining to exercise jurisdiction

1 over the remaining state-law claims." <u>Carnegie-Mellon Univ. v.</u>
2 <u>Cohill</u>, 484 U.S. 343, 350 n.7 (1988); <u>see also</u> <u>Wade v. Regional Credit</u>
3 <u>Assoc.</u>, 87 F.3d 1098, 1101 (9th Cir. 1996).  The <u>Gibbs</u> values of
4 comity and fairness do not weigh in favor of the federal court
5 deciding Maddox and Alexandrou's state employment discrimination and
6 tort claims, because as stated in <u>Gibbs</u>: "Needless decisions of state
7 law should be avoided both as a matter of comity and to promote
8 justice between the parties, by procuring for them a surer-footed
9 reading of applicable law."  383 U.S. at 726.

10       Therefore, Maddox and Alexandrou's claims are dismissed
11 under the rationale of §§ 1367(c)(2) and (3) as of the date on which
12 this Order is filed.[2]

13 III. <u>Stay</u>

14       Lastly, the Homeowner Plaintiffs' request to stay this
15 action is granted and the status conference scheduled for December 18,
16 2006, is vacated.  The parties shall file a joint status report no
17 later than January 3, 2007, in which they need only explain whether
18 the stay should be lifted.  If the parties opine the stay should not
19 be lifted, they shall explain why not and the approximate date on
20 which it could be lifted; if the parties opine the stay should be
21 lifted, they shall propose a schedule.

22       IT IS SO ORDERED.

23 DATED:  November 3, 2006

24 _____
25 GARLAND E. BURRELL, JR.
   United States District Judge

26

27
_____

28     [2]   Hereinafter, the caption of this action shall not name
dismissed Plaintiffs Richard Maddox and Karen Alexandrou as parties.