IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD MADDOX, a natural person; KAREN ALEXANDROU, a natural person; | ) ) ) | 2:06-cv-2653-GEB-EFB |
| Plaintiffs, | ) ) | |
| v. | ) | ORDER |
| | ) | |
| COUNTY OF SACRAMENTO, a local government agency; JAN SCULLY, a natural person and the District Attorney for Sacramento County; CYNTHIA BESEMER, a natural person and Chief Deputy District Attorney for Sacramento County; KAREN MAXWELL, a natural person and Deputy District Attorney for Sacramento County; NATALIA LUNA, a natural person and Deputy District Attorney for Sacramento County; WILLIAM MOTMANS, a natural person and an investigator employed by the District Attorney for Sacramento County; and JAMES COOPER, a natural person and a captain of the Sacramento County Sheriff's Department, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs Richard Maddox and Karen Alexandrou (collectively "Plaintiffs") move under Rule 60(b)(6) of the Federal Rules of Civil Procedure for relief from an Order filed on November 6, 2006, and for

1

leave to amend their Complaint under Rule 15 of the Federal Rules of Civil Procedure. Defendant filed an opposition on December 22, 2006.[1] The motion was heard on January 8, 2007.

BACKGROUND

On January 11, 2006, Plaintiffs, along with four other individuals ("Homeowner Litigants"), filed their Complaint against Defendant and individual employees of Defendant ("Action 1"). The Status (Pretrial Scheduling) Conference ("Status Conference"), originally scheduled in Action 1 for April 17, 2006, was continued to September 25, 2006. In their Joint Status Report ("JSR") filed September 8, 2006, the parties indicated that they needed more time to propose how severance of two separate lawsuits identified in their JSR should be accomplished. The parties explained the separate lawsuits as follows:

> [T]here are two separate law suits with separate claims alleged in [the Action 1] complaint. The Plaintiffs in [Action 1] include individuals who owned or operated group homes for low income and/or disabled persons . . . . These [Homeowner Litigants] claim that their federal civil rights have been violated by the conduct of Sacramento County and its employees in the enforcement and prosecution of building, housing, and nuisance abatement codes.
>
> At this time, [Homeowner Litigants] are Defendants in a criminal action in the Superior Court for the County of Sacramento . . . for code violations at the same property alleged in this federal case.
>
> Plaintiffs, Richard Maddox and Karen Alexandrou, on the other hand, are employees of Sacramento County . . . with knowledge of code enforcement activities of Sacramento County as it pertains to the [Homeowner Litigants]. Maddox and Alexandrou have alleged employement [sic]

---

[1] Defendant filed its opposition in the related action, case number 2:06-cv-0072-GEB-EFB.

2

|   |   |
|---|---|
| 1 | discrimination and retaliation claims under state law, and federal constitutional claims under 42 |
| 2 | U.S.C. § 1983 alleging that they have been discriminated and retaliated against as a result |
| 3 | of opposing alleged wrongful conduct of employees of Sacramento County District Attorney's Office |
| 4 | and Sacramento County Sheriff's Department. |
| 5 | [The Homeowner Litigants] and all Defendants have agreed that . . . the employment |
| 6 | discrimination claims of Alexandrou and Maddox [should] be severed from the claims of the |
| 7 | [Homeowner Litigants] and tried separately. The parties will file a written stipulation staying |
| 8 | the action and for severance. |

(September 8 JSR at 4-5.)  Based on this JSR, the status conference was continued to December 18, 2006.

On October 23, 2006, the parties in Action 1 filed a "Stipulation and Order" ("Stipulation") in which they stipulated that all claims in the Complaint asserted by the Homeowner Litigants be stayed and that the claims made by "[Plaintiffs] be allowed to proceed immediately but only against defendant County of Sacramento and that an order permitting discovery issue forthwith . . . ." (Stipulation at 2-3.)  On November 6, 2006, an Order issued ("November 6 Order") in which the Court sua sponte severed Plaintiffs' claims from the Homeowner Litigants' Complaint, "'creat[ing] two discrete, independent actions . . . .'"  (November 6 Order at 6 (quoting Gaffney v. Riverboat Services of Indiana, 451 F.3d 424, 441 (7th Cir. 2006).)  The Court declined at that time to give Plaintiffs' severed action its own action number, however, because "evaluation of [their] severed claims reveals they are all premised on state law, and thus do not present a federal question."  (Id.)  Although the Homeowner Litigants alleged class action claims, "[Plaintiffs] [did] not allege sufficient facts [to show] they have standing to bring these claims."  (Id.)  Since only state claims remained, the Court determined that

3

1  Plaintiffs' severed state claims should be "dismissed under the
2  rationale of 28 U.S.C. § 1367(c)(2) and (3)." (<u>Id.</u> at 8.) The
3  November 6 Order also stayed the Homeowner Litigants' claims. (<u>Id.</u>)
4          On November 16, 2006, Plaintiffs filed their motion for
5  relief from the November 6 Order and motion to amend their Complaint.
6  Since Plaintiffs' "motion [was] noticed in a stayed action[,]" and
7  their claims were severed from those of the Homeowner Litigants, "and
8  they seek relief only from the dismissal portion of the Order," it was
9  decided that their "pending motion will be decided in a separate
10 action." (Order, Nov. 21, 2006, at 2.) The Clerk of Court created a
11 separate action for Plaintiffs' severed claims. ("Action 2.")

DISCUSSION

13         Under Rule 60(b)(6), a court may, "upon such terms as are
14 just, . . . relieve a party or a party's legal representative from a
15 final judgment, order, or proceeding for . . . any . . . reason
16 justifying relief from the operation of the judgment."
17         Following the January 8 hearing on the Plaintiffs' motion,
18 Plaintiffs' counsel explained that the stay in the Homeowner
19 Litigants' action should be lifted because the reason for the stay no
20 longer existed. Defendants' counsel agreed, and the Court lifted the
21 stay. The Court then inquired whether the November 6 severance Order
22 should be rescinded since the basis for the severance was to permit
23 the Plaintiffs' action to proceed while the Homeowner Litigants'
24 action was stayed. Plaintiffs' counsel responded yes, and Defendants'
25 counsel responded no.
26         Because of the remedial nature of Rule 60(b), and since Rule
27 60(b) is designed to permit cases to be decided on their merits, the
28

following rulings issue.  See generally Patapoff v. Vollstedt's Inc., 267 F.2d 863, 865 (9th Cir. 1959).

The severance and dismissal rulings in the November 6 Order are withdrawn, since the stated reason for severing the Plaintiffs' and the Homeowner Litigants' respective claims no longer exists and counsel were not in a position at the January 8 hearing to meaningfully address the dismissal at issue.

The Federal Rule of Civil Procedure 12(b)(1) sua sponte dismissal was against the parties' stipulations that "[t]he court has . . . jurisdiction . . . pursuant to 28 U.S.C. Sections 1331, 1343, and 1367."  (June 1, 2006 JSR at 1; September 8 JSR at 2.)  "When jurisdiction may not exist, however, the court must raise the issue even if the parties are willing to stipulate to federal jurisdiction." Wash. Local Lodge No. 104 v. Int'l Bhd. of Boilermakers, 621 F.2d 1032, 1033 (9th Cir. 1980).

At the January 8 hearing, no party was in a position to pointedly address whether jurisdiction existed over Plaintiffs' severed claims since neither counsel brought a copy of the original complaint to the hearing.  Rather than consider whether the dismissal was appropriate under the circumstances here, where the court is determining the issue without helpful input from the parties, the severance ruling is withdrawn in light of the parties' representation that the reason for that ruling no longer exists.  This decision is reached sua sponte under Rule 60(b)(6).  Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 351-52 (9th Cir. 1999) (indicating a judge may vacate a ruling sua sponte when sufficient reason exists for changing the ruling).

Therefore, the Plaintiffs' and the Homeowner Litigants' claims are the claims they stated in the Complaint filed in Action 1 (civil action 2:06-cv-0072-GEB-EFB) on January 11, 2006. Action 2 (civil action 2:06-cv-2653-GEB-EFB) is dismissed.[2]

IT IS SO ORDERED.

Dated: January 9, 2007

GARLAND E. BURRELL, JR.
United States District Judge

---

[2] This dismissal makes it unnecessary to rule on Plaintiff's motion to amend the Complaint, which was filed in the dismissed action.

6